## Commonwealth v. Costanzo

*J. Q. Stranahan,* District Attorney, for Commonwealth.

*Joseph J. Nelson,* for defendant.

RODGERS, P. J., January 21, 1963.—The above-captioned case is before this court on a writ of certiorari, and is, in substance, an appeal from a speeding violation on the part of defendant. An information was filed by the Pennsylvania State Police before Justice of the Peace Alex Elliott, charging defendant with speeding as a result of a radar apprehension on the part of the Pennsylvania State Police. The contention of defendant on his writ of certiorari is that the Commonwealth failed to prove that Route 19 is a State highway in the Commonwealth of Pennsylvania and that the radar used in making the detection was of the type approved by the Secretary of Revenue.

In answer to the first allegation of defendant, it is the position of the Commonwealth that the court should take judicial notice of the fact that Route 19 is one of the main highways in the Commonwealth of Pennsylvania, and is, in fact, a public highway. We agree. We find that the arrest was made on Route 19, and we hold that this is tantamount to a finding that the arrest was made on a public highway.

The second objection raised by defendant is that the Commonwealth did not prove that the radar used in this matter was the type approved by the Secretary of Revenue. The transcript of the justice of the peace indicates that during the course of the hearing a certificate of radar speedmeter accuracy was presented, showing that the radar used in this matter had been properly tested. No copy of this document was received

in evidence. However, an alleged copy of it was attached to the Commonwealth's brief on this appeal. This copy states that the equipment used was approved by the Secretary of Revenue.

If we accept this copy as a part of the record, it is clear that the Commonwealth would have sustained its position.

We do not believe it proper, however, to expand the record in this informal manner. One objection is that defendant has no way of knowing or proving or disproving the fact that the certificate covered the equipment in question, or, more importantly, that the copy attached to the district attorney's brief was a copy of the document "presented" to the justice of the peace in the hearing below. The record, as certified to this court, fails to disclose that the equipment used was of the type approved by the Secretary of Revenue.

The record also fails to disclose that the offense occurred within the jurisdiction of the justice of the peace who heard the case. This is also a fatal defect in the record.

### Order

And now, January 21, 1963, the judgment of conviction by the justice of the peace is set aside and defendant is discharged.